IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DEMETRUIS DION TRAMMELL, # 221779, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 2:15cv23-MHT |
| ) | (WO) |
| ALABAMA BOARD OF PARDONS ) | |
| AND PAROLES, *et al.*, ) | |
| ) | |
| Respondents. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Demetruis Dion Trammell ("Trammell"), an Alabama inmate proceeding *pro se*, filed this petition for writ of habeas corpus under 28 U.S.C. § 2254 alleging that the Alabama Board of Pardons and Paroles ("Board") acted unconstitutionally and in violation of the applicable statutory provisions in setting his initial parole consideration date. Doc. No. 1. After reviewing the pleadings, evidentiary materials, and relevant law, the court concludes that no evidentiary hearing is required and that Trammell's petition should be denied.

**I.   BACKGROUND**

In November 2001, Trammell pled guilty in the Chambers County Circuit Court to the offense of murder and was sentenced to 20 years in prison. Trammell committed the offense in November 2000.

On March 21, 2001 (a date falling between Trammell's commission of his offense and his conviction), the Board amended its Rules, Regulations, and Procedures, adopting Article One, § 7, which states:

> When an inmate is convicted of one or more of the Class A felonies Rape I, Robbery I with serious physical injury, Kidnapping I, Murder, Burglary I with serious physical injury, Attempted Murder, Sodomy I, Arson I with serious physical injury,

>or Sexual Torture (who are eligible for parole), the initial parole consideration date shall be set in conjunction with the inmate's completion of 85 (eighty-five) percent of his or her total sentence or 15 (fifteen) years, whichever is less, unless the designee finds mitigating circumstances such as the imminent death of the inmate due to medical problems, or a petition by the sentencing judge or prosecuting attorney. Serious physical injury in this paragraph is as defined in title 13A of the Alabama Code.

Rules, Regulations, and Procedures of the Board of Pardons and Paroles (2001), Article One, § 7.

After Trammell began serving his sentence, the Board, applying the "85% or 15-year Rule" adopted in Article One, § 7, set Trammell's initial parole consideration date for November 2016 – i.e., 15 years into his 20-year sentence.

In May 2014, over 13 years into his service of his sentence, Trammell filed a petition for writ of certiorari in the Circuit Court of Montgomery County, Alabama, contending that the Board's use of the 85% or 15-year Rule in setting his initial parole consideration date violated his equal protection rights.[1] Doc. No. 11-3. Trammell argued that his initial parole consideration date should have been determined by the law in effect when he committed the offense in November 2000. He specifically argued that the controlling law for making that determination was set forth in § 15-22-28(e), Ala. Code 1975, which he insisted entitled him to an initial parole consideration upon his serving one-third of his sentence – in his case, approximately 6 years and 8 months.[2] *Id*. Section 15-22-28(e) provides that "[t]he board shall not grant a parole to any prisoner who has not

---

[1]Under Alabama law, a challenge a decision of the Board is made by a petition for writ of certiorari in the Circuit Court of Montgomery County. *See Sellers v. State*, 586 So.2d 994 (Ala. Crim. App. 1991).

[2]Although Trammell characterized his claim as one involving a violation of his equal protection rights, his claim arguably was also premised on an alleged violation of the Constitution's Ex Post Facto Clause, which bars "enactments which, by retroactive operation, increase the punishment for a crime after its commission." *See Garner v. Jones*, 529 U.S. 244, 249 (2000).

served at least one third or 10 years of his sentence, whichever is the lesser, except by a unanimous affirmative vote of the board."

After Trammell filed his petition for certiorari in the state circuit court, the Board reviewed his case and reset his initial parole consideration for an earlier date – that is, October 2014, instead of the originally scheduled November 2016.  On August 1, 2014, the state circuit court entered an order denying Trammell's petition for certiorari as moot.  Doc. No. 11-5.  Trammell did not appeal from the state circuit court's judgment.

In October 2014, the Board undertook Trammell's initial parole consideration.  The Board denied parole and set Trammell's next parole consideration for October 2017.  Doc. No. 11-6. Trammell filed no petition for certiorari in the state circuit court challenging the Board's decision, either on the denial of parole or on the date for his next parole consideration.

Trammell initiated the instant habeas action on January 7, 2015.  In his § 2254 petition, Trammell claims that because his crime occurred in November 2000, prior to the Board's adoption of the 85% or 15-year Rule, he should have received an initial parole consideration around July 2008, after he served one-third of his 20-year sentence, as provided by § 15-22-28(e), Ala. Code 1975.  Doc. No. 1 at 5 & 14.  He further appears to argue that he should receive a credit of approximately six years against his sentence, based on the difference between the date he says he was entitled to an initial parole consideration and the date he actually received his initial parole consideration.[3]  *Id*. at 14 & 16.

## II.  DISCUSSION

### A.  Exhaustion and Procedural Default

---

[3]Arguably, allowing such a credit against Trammell's sentence would entitle him to immediate release from prison, although Trammell does not indicate if his release should be on parole or if he believes his sentence should be considered fully served.

Because Trammell is in custody under an underlying state court conviction and sentence, he must comply with the procedural requirements for § 2254 petitions. *See Dill v. Holt*, 371 F.3d 1301, 1303 (11th Cir. 2004). Relief under § 2254 may not be granted if the petitioner has failed to exhaust the remedies available in the state courts. *See* 28 U.S.C. §§ 2254(b)(1)(A), (b)(3) & (c). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's appellate review process." *Dill*, 371 F.3d at 1303 (quoting *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)).

The Eleventh Circuit has recognized that, under Alabama law, one complete round of review of a decision by the Board of Pardons and Paroles includes: (1) filing a petition for certiorari in state circuit court, *see Johnson v. State*, 729 So.2d 897, 898 (Ala. Crim. App. 1997); (2) appealing the denial of that petition to the Alabama Court of Criminal Appeals, *see* Ala. Code § 12-3-9 (2003); *Johnson*, 729 So.2d at 898; (3) petitioning the Alabama Court of Criminal Appeals for rehearing, *see* Ala.R.App. P. 39(c)(1); and (4) seeking discretionary review in the Alabama Supreme Court, *see* Ala.R.App. P. 39(c). *Dill*, 371 F.3d at 1303.

Habeas claims not properly exhausted in the state courts are procedurally defaulted if presentation of the claims in state court would be barred by state procedural rules. *Gray v. Netherland*, 518 U.S. 152, 161-62 (1996); *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991). "[I]f the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred[,] ... there is a procedural default for purposes of federal habeas." *Coleman*, 501 U.S. at 735 n.1 (citations omitted); *see Henderson v. Campbell*, 353 F.3d 880, 891 (11th Cir. 2003).

**B.    Denial of Petition for Certiorari Regarding Initial Parole Consideration Date**

Trammell did not appeal the August 1, 2014 judgment of the Montgomery County Circuit Court denying as moot his petition for certiorari challenging the Board's setting of his initial parole consideration date. Therefore, to the extent that Trammell is challenging the state circuit court's judgment, he has failed to exhaust his habeas claim through one complete round of state court appellate review. *Dill,* 371 F.3d at 1303. Trammell may no longer return to the state courts to exhaust this claim, because the time for him to appeal from the state circuit court's judgment has long since passed. *See* Ala.R.App.P. 4 (appeals must be filed within 42 days after entry of the judgment appealed from). With regard to the August 1, 2014 judgment of the state circuit court, the exhaustion and preclusion rules result in the procedural default of Trammell's claim. *See Coleman*, 501 U.S. at 735 n.1; *Henderson*, 353 F.3d at 891.

A habeas petitioner can escape the procedural default doctrine either through showing cause for the default and resulting prejudice, *Murray v. Carrier*, 477 U.S. 478, 488 (1986), or establishing a "fundamental miscarriage of justice," which requires a colorable showing of actual innocence, *Schlup v. Delo*, 513 U.S. 298, 324-27 (1995).[4] Trammell fails to establish cause excusing his procedural default, and he does not argue that the actual-innocence exception provides a gateway for review of his defaulted claim. Consequently, Trammell's claim attacking

---

[4]Cause for a procedural default must ordinarily turn on whether the petitioner can show that some objective factor external to the defense impeded efforts to comply with the state's procedural rules or that the procedural default resulted from ineffective assistance of counsel. *Murray*, 477 U.S. at 488; *United States v. Frady*, 456 U.S. 152, 170 (1982). To establish prejudice, a petitioner must show that the errors at trial worked to his actual and substantial disadvantage, "infecting his entire trial with error of constitutional dimensions." *Frady*, 456 U.S. at 170; *see Murray*, 477 U.S. at 494. Prisoners asserting actual innocence as a gateway to review of defaulted claims must establish that, in light of new evidence, "it is more likely than not that no reasonable juror would have found [the] petitioner guilty beyond a reasonable doubt." *Schlup,* 513 U.S. at 327.

the state circuit court's denial of his petition for certiorari challenging the Board's setting of his initial parole consideration date is foreclosed from federal habeas review.

C. **October 2014 Board Decision Denying Parole and Credit Against Sentence**

To the extent that Trammell challenges the Board's failure to credit approximately six years against his sentence in denying him parole in October 2014 and setting his next parole consideration for October 2017, Trammell has never presented such a claim against the Board in a petition for certiorari filed in the state circuit court, much less pursued such a claim through a complete round of the Alabama state appellate process. If this is a remedy that Trammell seeks, he should do so by filing a petition for certiorari raising this claim in the state circuit court.

The court notes that, contrary to the argument underlying Trammell's claims, § 15-22-28(e), Ala. Code 1975, does not *require* the Board to consider releasing an inmate on parole at a particular time and does not set forth a mandatory time by which an Alabama inmate must receive his initial parole consideration. Further, and more to the point, the statute does not, as Trammell contends, entitle an inmate to an initial parole consideration once he has served the lesser of one-third of his sentence or 10 years. The plain reading of § 15-22-28(e) is that no Alabama inmate who has not served a minimum of 10 years or one-third of his sentence shall be eligible for a grant of parole, unless the Parole Board unanimously votes that parole should be granted. The 85% or 15-year Rule does not contradict the language of § 15-22-28(e), and, indeed, the rule and the statute may operate together without conflict. *See, e.g., Ricks v. Wynne*, Civil Action No. 2:12cv660-TMH, 2012 WL 6062065, at *3 (Oct. 11, 2012), Recommendation Adopted by District Court, 2012 WL 6088828 (M.D. Ala. Nov. 29, 2012). *See also Williford v. Alabama*, Civil Action No. 3:08cv756-TMH, 2011 WL 1085985, at *4-5 (Mar. 1, 2011), Recommendation Adopted by District Court, 2011 WL 4435309 (M.D. Ala., Sep. 23, 2011) (noting that Rules, Regulations, and

Procedures of Parole Board in effect both before and after enactment of the 85% or 15-year Rule vest the Board with discretion to deviate above and below the default initial parole consideration date otherwise provided for in the rules, and that even before enactment of the 85% or 15-year Rule, an initial parole consideration date could be set at up to 15 years after an inmate began serving his sentence).

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for the writ of habeas corpus under 28 U.S.C. § 2254 be DENIED and this case be (1) dismissed with prejudice to the extent Trammell presents claims attacking the August 1, 2014 judgment of the Montgomery County Circuit Court denying his petition for certiorari challenging the Board's setting of his initial parole consideration date; and (2) dismissed without prejudice to the extent Trammell presents claims challenging the October 2014 decision of the Board denying him parole, failing to credit approximately six years against his sentence, and setting his next parole consideration for October 2017.

It is further

ORDERED that on or before **January 31, 2017** the parties shall file objections to the said Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a *de novo* determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual

7

findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, on this the 17th day of January, 2017.

/s/ Susan Russ Walker
Susan Russ Walker
Chief United States Magistrate Judge